UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   § | |
| § | |
| Plaintiff-Respondent,   § | |
| § | |
| V.   § | CRIMINAL ACTION NO. H-06-231-1 |
| § | CIVIL ACTION  NO. H-07-1579 |
| ENIO ELORZA,   § | |
| § | |
| Defendant-Movant.   § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE GOVERNMENT'S MOTION FOR DISMISSAL**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255 is the United States' Response and Motion for Dismissal (Document Nos. 70 & 71), and Movant Enio Elorza's § 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum in Support (Document Nos. 66 & 67).  Having considered Elorza's § 2255 Motion, the United States' Response and Motion for Dismissal, the record of the proceedings in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion for Dismissal be GRANTED, that Elorza's Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.     Procedural History**

Movant Enio Elorza ("Elorza"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.  This is Elorza's first motion pursuant to § 2255.

On June 30, 2006, Elorza was charged by Criminal Information with alien harboring, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I). (Document No. 5).  Thereafter,

Elorza waived indictment (Document No. 29), and pled guilty, without a written plea agreement, to the one count of alien harboring alleged in the criminal information (Document No. 35). Elorza was then sentenced, following the preparation of a presentence investigation report, to 18 months confinement, to be followed by a three year term of supervised release. (Document No. 60). A Judgment of Conviction was entered on November 16, 2006. (Document No. 62).

Elorza did not appeal. Instead, within one year of the Judgment of Conviction being entered, Elorza filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence, and Memorandum in Support (Document Nos. 66 & 67). The Government has filed a Response and a Motion for Dismissal.

**II.   Claims**

Elorza raises three claims in his Motion to Vacate, Set Aside or Correct Sentence:

1. that he was entitled to and should have been received a downward adjustment based on his family's medical condition and financial hardship;

2. that he was entitled to and should have received a downward adjustment based on his minimal participation in the offense; and

3. that he was entitled to and should have received a downward adjustment based on his status as a deportable alien.

The Government, in its Response and Motion for Dismissal, argues that Elorza's claims are all procedurally barred from review herein because Elorza did not raise those claims in a direct appeal. In addition, the Government argues that even if such claims were not procedurally barred, no relief is available on the merits of the claims because claims related to the application of the sentencing guidelines are not cognizable in a § 2255 proceeding such as this.

**III.     Discussion**

In each of his three claims, Elorza complains about the calculation of his sentence, and the District Court's failure to provide him with certain downward adjustments. Elorza did not file a direct appeal, and as such, none of the sentence calculation claims he raises herein were presented to the Fifth Circuit Court of Appeals.

When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). Here, Elorza has made no showing of cause or prejudice associated with his failure to raise his sentence calculation claims in a direct appeal. In addition, nothing in the record supports a conclusion that Elorza is actually innocent of the offense to which he pled guilty, and of which he was convicted. Accordingly, Elorza's claims are procedurally barred from review herein.

In addition, even if Elorza's claims were not procedurally barred from review, because such claims are not cognizable in a § 2255 proceeding, no relief is available to Elorza on the merits of such claims. Claims that the Court incorrectly applied provisions of the United States Sentencing

Guidelines are not cognizable under 28 U.S.C. § 2255. *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. 1165 (1996); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted). Here, given that Elorza's claims are based on his allegations that he was entitled to and should have been awarded certain downward adjustments under the Sentencing Guidelines, Elorza's claims are not cognizable and are subject to dismissal.

## IV.    Conclusion and Recommendation

Based on the foregoing, the conclusion that no relief is available to Elorza on the claims he raises herein, the Magistrate Judge

RECOMMENDS that the Government's Motion for Dismissal (Document No. 71) be GRANTED, that Movant Enio Elorza's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 66) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections

pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 2ND day of October, 2007.

Frances H. Stacy
United States Magistrate Judge